WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity,<br><br>Plaintiff,<br><br>v.<br><br>United States Fish and Wildlife Service,<br><br>Defendant. | No. CV-16-0527-TUC-BGM<br><br>**ORDER** |

Currently pending before the Court are Intervenor Applicant National Association for Biomedical Research's Expedited Motion to Intervene for Purpose of Appeal (Doc. 73), Motion to Stay Judgment Pending Appeal (Doc. 74), and Expedited Motion for Extension of Time to Appeal (Doc. 77). In its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f). The Parties have adequately presented the facts and legal arguments in their briefs and supporting documents, and the decisional process would not be significantly aided by oral argument.

## I. BACKGROUND

The instant litigation arose from Plaintiff Center for Biological Diversity's ("CBD") request to Defendant United States Fish and Wildlife Service ("USFWS") seeking Law Enforcement Management Information System ("LEMIS") data pursuant to the Freedom of Information Act ("FOIA"). USFWS withheld certain categories of LEMIS data pursuant to FOIA Exemption 4, which exempts confidential commercial

information. Through this litigation CBD sought release of the following data fields: 1) foreign importer/exporter; 2) United States permit number; 3) quantity; and 4) name of carrier. *See* Order 3/30/2018 (Doc. 66). On March 30, 2018, the Court denied in part and granted in part Defendant USFWS's Motion for Summary Judgment, and granted in part and denied in part Plaintiff CBD's Cross-Motion for Summary Judgment. *See id.* Accordingly, Defendant USFWS was directed to provide the data responsive to CBD's request. *See id.*

After the Court issued its Order, Intervenor Applicant National Association for Biomedical Research ("NABR") sought to intervene for purposes of appeal. Subsequently, Defendant USFWS filed its Notice of No Appeal (Doc. 81). Intervenor Applicant NABR filed a Notice of Appeal (Doc. 84), and the Ninth Circuit Court of Appeal granted a limited remand to allow this Court the opportunity to rule on Intervenor Applicant's pending motions.

## II. ANALYSIS

### A. *Intervention*

Intervenor Applicant NABR seeks to intervene "for the purpose of appealing [the] Court's March 30, 2018 judgment requiring U.S. Fish and Wildlife Service . . . to produce confidential information that it obtained from 18 different companies, eight of which are NABR members." NABR's Mot. to Intervene (Doc. 73) at 2. Intervenor Applicant NABR further noted USFWS's uncertainty regarding appeal, and as such "NABR move[d] to intervene on behalf of its members to ensure Ninth Circuit review of the decision." *Id.* In Reply, NABR specified that its members include: Charles River Laboratories; Bristol-Myers Squibb; Covance Laboratories; AbbVie; Boehringer Ingelheim Pharmaceuticals; SNBL; Genentech; Novartis; and Alynlam Pharmaceutical. Reply (Doc. 83) at 1 n.1. Each of these entities submitted declarations in support of withholding the requested information under Exemption 4. *Id.*; *see also* Order 3/30/2018 (Doc. 66) at 8–14.

**1. Intervention as of Right**

Rule 24(a), Federal Rules of Civil Procedure, governs interventions as of right and provides in relevant part:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). Intervention on appeal is similarly governed by Rule 24, Federal Rules of Civil Procedure. *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997) (citations omitted). An applicant seeking to intervene as of right must satisfy the following four-part test:

> (1) the application for intervention must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*United States v. Sprint Communications, Inc.*, 855 F.3d 985, 991 (9th Cir. 2017) (citations and quotations omitted). "[T]he party seeking to intervene has the burden to show that no existing party adequately represents its interests." *California Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (citations omitted); *see also United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Further, "[i]n determining whether intervention is appropriate . . . [the Court is] guided primarily by practical and equitable considerations[,] . . . generally interpret[ing] the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). "In determining whether an intervenor may subsequently appeal from a decision not being appealed by one of the parties in the district court, the test is whether the intervenor's interests have been adversely affected

by the judgment." *NL Industries, Inc. v. Secretary of Interior*, 777 F.2d 433, 435 (9th Cir. 1985).

### a. Timeliness

"Three factors should be evaluated to determine whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *California Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002) (citations and quotations omitted). "In analyzing timeliness, we focus on the date the person attempting to intervene should have been aware his interest[s] would no longer be protected adequately by the parties, rather than the date the person learned of the litigation." *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997) (quotations and citations omitted) (alterations in original).

Here, Intervenor Applicant NABR sought to intervene after the Court granted summary judgment. *See* NABR's Mot. to Intervene on Appeal (Doc. 73). Although this would seem a late stage of the proceeding to seek intervention, up to that point the Government adequately represented NABR's members' interests.[1] It was not until NABR became aware of the Government's uncertainty regarding appeal that it deemed intervention necessary. In light of the Government's decision not to appeal, there are no remaining parties to represent Intervenor Applicant's members on appeal. *See Peruta v. County of San Diego*, 824 F.3d 919, 941 (9th Cir. 2016). NABR's motion to intervene was filed prior to the expiration of the time for seeking an appeal, and as such cannot be said to prejudice either party to the litigation. *See Yniguez v. State of Ariz.*, 939 F.2d 727, 734 (9th Cir. 1991) (stating "the general rule that a post-judgment motion to intervene is timely if filed within the time allowed for the filing of an appeal"). Accordingly, the Court finds Intervenor Applicant NABR's motion timely.

---

[1] In this situation, an earlier motion to intervene by NABR would likely have been denied.

- 4 -

### b. Significant protectable interest

"An applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004) (citations omitted). "The relationship requirement is met if the resolution of the plaintiff's claims actually will affect the applicant." *United States v. City of Los Angeles, Calif.*, 288 F.3d 391, 398 (9th Cir. 2002) (citations and quotations omitted). Additionally, "[t]he 'interest' test is not a clear-cut or bright-line rule, because '[n]o specific legal or equitable interest need be established.'" *Id.* (citations omitted) (second alteration in original).

Here, Intervenor Applicant NABR includes members that had submitted declarations to USFWS in support of withholding the requested information under Exemption 4. Reply (Doc. 83) at 1 n.1; *see also* Order 3/30/2018 (Doc. 66) at 8–14. Defendant USFWS declined to release the information sought by Plaintiff as to NABR members and others based upon their objections. As such, Intervenor Applicant NABR has a significant protectable interest in the litigation.

### c. Practical impairment of protection

"If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene[.]" *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011) (quoting Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment). Intervenor Applicant NABR's named members will be impaired or impeded in their ability to protect their interests in this litigation if they are not allowed to intervene for purposes of appeal.

### d. Adequate representation

Defendant USFWS has adequately protected Intervenor Applicant NABR members' interests up to this point. Defendant USFWS's decision not to appeal this Court's March 30, 2018 Order (Doc. 66), however, resulted in a void where no party

currently represents Intervenor Applicant NABR members. As such, the Court finds it appropriate to allow NABR to intervene for purposes of appeal.

### 2. Standing

"[W]here no party appeals, the 'case or controversy' requirement of Article III also qualifies an applicant's right to intervene post-judgment." *Yniguez v. State of Ariz.*, 939 F.2d 727, 731 (9th Cir. 1991). "[P]ost-judgment intervention for purposes of appeal may be appropriate if the intervenors . . . meet traditional standing criteria." *Id.* (quoting *Legal Aid Soc'y of Alameda County v. Brennan*, 608 F.2d 1319, 1328 (9th Cir. 1979)) (second alteration in original).

NABR has standing as it has sufficiently alleged that some of its members will be harmed by disclosure of confidential information. *See Southwest Ctr. for Biological Diversity v. berg*, 268 F.3d 810, 821–22 (9th Cir. 2001) (concluding building trade associations' members had interests that could be affected by invalidation of an implementation agreement warranting intervention). The Court notes, however, that this finding extends only to the named members who previously filed declarations with Defendant USFWS—Charles River Laboratories; Bristol-Myers Squibb; Covance Laboratories; AbbVie; Boehringer Ingelheim Pharmaceuticals; SNBL; Genentech; Novartis; and Alynlam Pharmaceutical. *See* Reply (Doc. 83) at 1 n.1; *see also* Order 3/30/2018 (Doc. 66) at 8–14. As to any other NABR members, the issue is moot due to Defendant's release of all relevant information not specifically deemed subject to exemption. *See* Def.'s SOF (Doc. 39), Hyde-Michaels Decl. (Exh. "1") at ¶¶ 14, 21.

### B. *Stay of Judgment*

Intervenor Applicant NABR seeks a stay of the Court's judgment pending appeal. *See* Mot. to Stay Judgment Pending Appeal (Doc. 74). NABR urges that it will suffer irreparable harm if judgment is not stayed as its members' confidential commercial information would be disclosed and appellate review of the judgment would be mooted. *Id.* at 1. The Court agrees that disclosure would moot the appeal, and as such a stay of the judgment is appropriate.

### C. *Extension of Time for Appeal*

Intervenor Applicant NABR seeks an extension of time to appeal. *See* Mot. for Ext. of Time to Appeal (Doc. 82). On May 29, 2018, NABR protectively filed a Notice of Appeal (Doc. 84). This filing occurred within the sixty (60) day time period afforded Defendant USFWS to appeal. *See* Fed. R. App. P. 4(a)(1)(B). As such, NABR's notice of appeal is deemed timely filed, and its request for an extension of time is moot.

## III. CONCLUSION

Based upon the foregoing, the Court finds it appropriate to allow NABR to intervene on appeal on behalf of its members Charles River Laboratories; Bristol-Myers Squibb; Covance Laboratories; AbbVie; Boehringer Ingelheim Pharmaceuticals; SNBL; Genentech; Novartis; and Alynlam Pharmaceutical. Accordingly, IT IS HEREBY ORDERED:

1) Intervenor Applicant National Association for Biomedical Research's Expedited Motion to Intervene for Purpose of Appeal (Doc. 73) is GRANTED;

2) NABR's Motion to Stay Judgment Pending Appeal (Doc. 74) is GRANTED; and

3) NABR's Expedited Motion for Extension of Time to Appeal (Doc. 77) is DENIED AS MOOT.

Dated this 15th day of November, 2018.

*[signature]*
Honorable Bruce G. Macdonald
United States Magistrate Judge